UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE



| | |
|---|---|
| In re | Chapter 11 |
| SPECIALTY PRODUCTS HOLDING CORP., et al.,[1] | Case No. 10-11780 (PJW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 4910** |
| In re | Chapter 11 |
| NMBFiL, INC., | Case No. 14-11942 (PJW) |
| Debtor. | (Jointly Administered) |
| | **Re: Docket No. 11** |
| In re | Chapter 11 |
| REPUBLIC POWDERED METALS, INC., | Case No. 14-12028 (PJW) |
| Debtor. | (Jointly Administered) |
| | **Re: Docket No. 3** |

**ORDER (I) DIRECTING THE JOINT ADMINISTRATION OF THE CHAPTER 11 CASES OF REPUBLIC POWDERED METALS, INC. AND NMBFiL, INC. AND (II) EXTENDING TO THEM CERTAIN RELIEF GRANTED TO SPECIALTY PRODUCTS HOLDING CORP. AND BONDEX INTERNATIONAL, INC.**

This matter coming before the Court on the Motion of Republic Powdered Metals, Inc. and NMBFiL, Inc. For An Order (I) Directing the Joint Administration of Their Chapter 11 Cases and (II) Extending to Them Certain Relief Granted To Specialty Products Holding Corp.

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Specialty Products Holding Corp. (0857); Bondex International, Inc. (4125); Republic Powdered Metals, Inc. (4388); and NMBFiL, Inc. (2441). The address of Specialty Products Holding Corp. and Bondex International, Inc. is 4515 St. Clair Avenue, Cleveland, Ohio 44103. The address of Republic Powdered Metals, Inc. and NMBFiL, Inc. is 2628 Pearl Road, Medina, Ohio 44256.

and Bondex International, Inc. (the "Motion");[2] the Court having reviewed the Motion, the Logan Declaration and the First Day Declaration and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion was sufficient under the circumstances and (d) the relief requested in the Motion is in the best interests of the New Debtors' estates; and the Court having determined that the legal and factual bases set forth in the Motion, the Logan Declaration and the First Day Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The New Debtors' chapter 11 cases shall be consolidated for procedural purposes only and jointly administered with the Initial Debtors' chapter 11 cases. Parties in interest are directed to use the consolidated caption referring to the chapter 11 cases of "Specialty Products Holding Corp., *et al.*," when filing a pleading with the Court in the Debtors' chapter 11 cases.

3. A docket entry shall be made on the docket for the New Debtors substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Specialty Products Holding Corp., Bondex International, Inc., Republic Powdered Metals, Inc. and NMBFiL, Inc. The docket of Specialty Products Holding Corp. in Case No. 10-11780 (PJW) should be consulted for all matters affecting this case.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

DLI-6492786v2

4. The New Debtors are authorized to list the names and addresses of the asbestos plaintiff firms representing the Asbestos Claimants in lieu of the individual Asbestos Claimants' addresses in their respective Creditor Matrices.

5. The New Debtors are authorized to each file an Asbestos Creditor List of the plaintiff firms with asbestos cases against each of the New Debtors in lieu of listing the individual Asbestos Claimants with the largest unsecured claims against the New Debtors.

6. The New Debtors are authorized to follow the Notice Procedures with respect to the service of all notices, mailings and other communications related to their chapter 11 cases.

7. The Interim Compensation Order, as amended below, is extended to apply to the New Debtors. The Interim Compensation Order is amended as follows:

- The New Debtors' Interim Fee Period shall commence with the period ending September 30, 2014. The first Interim Fee Application for the period from each New Debtors' respective petition date through September 30, 2014 must be filed and served on or before December 1, 2014.

- The Debtors shall be responsible for paying allowed professional fees and expenses incurred in these chapter 11 cases based on the following allocations: (a) for tasks performed for a specific Debtor, 100% by that Debtor except that Bondex's fees and expenses shall, as before, be paid by SPHC; (b) for tasks performed for the Initial Debtors, 100% by SPHC; (c) for tasks performed for the New Debtors, 50% by each New Debtor; (d) for tasks performed for the New Debtors plus SPHC and/or Bondex, 95% by SPHC, 2.5% by Republic and 2.5% by NMBFiL. The Monthly Fee Applications shall disclose the allocations made during that month.

8. The OCP Order, as amended in this paragraph, is extended to apply to the New Debtors. In the event the services of Ordinary Course Professionals are required by the New Debtors, the New Debtors shall file the quarterly statement of Ordinary Course Professionals required by paragraph 3(f) of the OCP Order with any such statement filed by the Initial Debtors. The first such report for the New Debtors will be filed on October 15, 2014 for

-3-

DLI-6492786v2

the period from each New Debtors' respective petition date through September 30, 2014. The New Debtors shall provide the monthly reports required in paragraph 4 of the OCP Order beginning on October 15, 2014.

9. The Fee Auditor Order is extended to apply to the New Debtors, with the exception of paragraph 11 of the Fee Auditor Order.

10. The relief granted to the Initial Debtors in the Logan Order is extended to the New Debtors, except as otherwise provided herein. Logan is authorized to serve as claims and noticing clerk to the New Debtors on the terms and conditions set forth in the Logan Order and the engagement letter between the New Debtors and Logan, provided however that (a) Logan shall comply with the obligations of a claim and noticing agent under the Protocol with respect to services performed for the New Debtors and (b) Logan's retention is limited in scope to those duties performed by a Clerk of Court with respect to providing notice and processing claims under 28 U.S.C. § 156(c). Nothing in this Order shall make the Protocol application to Logan's retention by the Initial Debtors.

Dated: \_\_\_\_Sept 3\_\_\_\_, 2014
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

DLI-6492786v2